LOIS ALLEN, Plaintiff-Appellee, *v.* LOYD DUFFIE, SR., Defendant-Appellant.

Third District   No. 3—84—0167

Opinion filed September 26, 1984.

Diane Ford Stamp, of Stamp & Stamp, of Stronghurst, for appellant.

No brief filed for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant-appellant, Loyd Duffie, Sr., appeals from an order of the circuit court of Hancock County adjudging him to be in contempt for failing to appear in court as commanded in a citation to discover assets. The defendant was fined $100 and assessed $22.80 for costs incurred by the plaintiff in appearing at the citation proceeding, plus costs incurred by the sheriff in picking up the defendant on a writ of attachment. We affirm.

We note initially that the plaintiff has not filed an appellee's brief. It is well established, however, that where the record is simple and the court of review can easily decide the claimed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Briefly, the facts of this case are as follows. The plaintiff-appellee, Lois E. Allen, filed a small claim complaint against the defendant on July 18, 1983, claiming that the defendant was indebted to her for a color television, a bicycle, and other personal property wrongfully held by him. A bench trial was held on July 26, 1983, and judgment was entered for the plaintiff in the amount of $1,160, plus costs. On November 4, 1983, a citation to discover assets was issued commanding the defendant to appear in court on December 7, 1983, and to produce copies of his income tax returns and titles to all cars, trucks, recreational vehicles, and motorcycles. The citation was returned and filed and indicated that it was served on the defendant at his residence on November 19, 1983, at 9:30 p.m.

The defendant failed to appear in court on December 7, 1983, and a writ of attachment for contempt was issued. A hearing was conducted on February 3, 1984, as to whether the defendant should be held in contempt for his failure to appear. The court called as a witness Charles E. Shirey, a deputy sheriff in Hancock County. Officer Shirey testified that he served the citation on the defendant at his residence on the evening of November 19, 1983. He was there for three or four minutes and tried to explain to the defendant that he would be required to bring certain documents to court. The defendant stated that he did not own any of the items listed on the citation and that he had not filed income tax returns for years. Shirey put his initials on the defendant's copy, and when the defendant would not take

it, Shirey opened the defendant's screen door and dropped it on the floor.

At the end of the testimony the trial court stated that it believed Officer Shirey was telling the truth and that the defendant had lied. The court explained that Officer Shirey's testimony was corroborated by statements the defendant had made in court on January 23, 1984, when he requested a continuance. On that date, the defendant told the court that he could not produce his income tax returns because he had not filed any and that he did not own any of the vehicles listed in the citation. The court stated that since Officer Shirey was not in court on January 23, 1984, there was no way he would have known those facts unless he had served the citation on the defendant.

The sole contention raised by the defendant on appeal is that the evidence is insufficient to support the trial court's finding of contempt.

There are two classes of contempt proceedings; criminal and civil. Criminal contempt consists of conduct, such as insulting language, which is directed against the dignity and authority of a court. Civil contempt consists of the failure by a party to do an act ordered by the court for the benefit of an opposing party. Civil contempt proceedings are remedial or coercive in nature. *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 209, 357 N.E.2d 477, 479.

Criminal and civil contempt may also be direct or indirect in nature. Direct contempt of court involves conduct occurring in the presence of the trial court and may be punished summarily. (*People v. Graves* (1979), 74 Ill. 2d 279, 284, 384 N.E.2d 1311, 1314.) Indirect contempt involves conduct that does not occur in the presence of the trial court and thus is not within the personal observation and knowledge of the judge. The power to punish for contempt rests within the sound discretion of the trial court and its determination will not be disturbed on review unless there has been an abuse of discretion. *Board of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1970), 126 Ill. App. 2d 418, 432, 262 N.E.2d 125, 131, *cert. denied* (1971), 402 U.S. 998, 29 L. Ed. 2d 165, 91 S. Ct. 2168.

In the present case, the defendant was held in contempt of court for failing to appear on December 7, 1983, as requested in the citation to discover assets. The citation was issued for the benefit of the plaintiff, who had earlier received a judgment against the defendant for $1,160, plus costs. Thus, the character of the contempt was civil. In addition, the contempt was indirect in nature because the defendant's conduct, or lack of it, occurred outside the presence of the court.

Since the contempt was indirect, the trial court properly proceeded by first notifying the defendant of the contempt proceeding and then conducting a hearing at which the defendant was allowed to defend himself. After hearing all the evidence, the trial court chose to believe Officer Shirey's testimony that he personally served the defendant with the citation to discover assets at the defendant's residence.

From a review of the record, it appears that the defendant thought that he could avoid service by simply refusing to physically take the citation when Officer Shirey handed it to him. Then, the defendant chose to disregard the commands of the citation by not appearing in court with the documents as requested. We find that the trial court did not abuse its discretion in finding the defendant in indirect civil contempt of court and in imposing a fine of $100, plus costs.

For the foregoing reasons, the order of the circuit court of Hancock County is affirmed.

Affirmed.

ALLOY, P.J., and BARRY, J., concur.