THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEE HOLDEN PARKER, Defendant-Appellant.

Fifth District   No. 5—84—0219

Opinion filed March 21, 1986.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Mary F. Rooney, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Lee Holden Parker, was found guilty after a jury trial in Jackson County of the offenses of attempted aggravated kidnaping, unlawful restraint, home invasion, residential burglary and armed violence. Defendant was thereafter sentenced by the trial court to consecutive terms of natural life imprisonment for home invasion and armed violence and a concurrent term of seven years' imprisonment for attempted aggravated kidnaping.

Defendant's sole contention of error on appeal is that the trial court erred in imposing consecutive terms of natural life imprisonment.

The pertinent trial testimony was as follows: On October 19, 1983, at approximately 10 a.m., the defendant approached the residence of Jody Determan and Gary Robinson, located about seven miles south of Murphysboro in Jackson County. Determan came out of the mobile home, and the defendant indicated that he wished to speak with Robinson who, according to Determan, was not at home. The defendant then asked Determan for Robinson's work telephone number, and she returned to the trailer to obtain it for the defendant. Determan left the door slightly ajar after re-entering her home and proceeded to call Robinson at work. When Robinson's work telephone buzzed busy, Determan telephoned her neighbors, David Cronin and Mary Blossom, because she felt uncomfortable about the defendant being at her home. When Cronin answered the telephone, Determan asked him to "hold on for a minute and *** placed the phone down on the counter," which was about five feet from the trailer door. Determan then wrote on a piece of paper the telephone number the defendant had requested and returned to the door to give it to him. There she saw the defendant holding a gun; he pointed the weapon at Determan, told her he wanted to speak with her, and came into the residence. The defendant then accused Robinson of having stolen some marijuana from the defendant and others associated with the defend-

ant. Determan denied that she and Robinson had committed the theft.

The defendant directed Determan to write a note to Robinson and dictated the contents of the note. The defendant indicated that he was going to take Determan with him, and that she would be released when the marijuana was returned. The defendant then told Determan to put on a mask that had the eyeholes covered. When she refused, the defendant struck her on the head with his fist and threatened to cut her. Determan put on the mask, and then defendant tied her hands behind her back. Before the two could leave the trailer, David Cronin and his brother Bill arrived. The defendant was ordered to come out of the trailer and to lie on the porch of the trailer. The sheriff's department was contacted, and the defendant was arrested.

David Cronin and Mary Blossom corroborated in part the events leading up to the defendant's arrest.

The defendant, who presented no evidence in his defense, asserted a defense of compulsion at his jury trial. He claimed that the unnamed individuals with whom he was a partner, and from whom Robinson had allegedly stolen the marijuana, had threatened to kill or harm the defendant, Determan or Robinson if the defendant did not recover the marijuana.

The jury found the defendant guilty of attempted aggravated kidnaping, unlawful restraint, residential burglary, home invasion and armed violence (predicated on residential burglary).

The defendant appeared for sentencing and a hearing on his posttrial motions on March 16, 1984. After hearing evidence and arguments of counsel on the defendant's motions, the court denied the motions. The prosecution then presented evidence in aggravation and, having previously notified the defendant of its intention to have him adjudicated a habitual criminal, recommended sentences of life imprisonment for armed violence and home invasion. The prosecution's evidence showed that the defendant had a conviction for murder in Cook County, Illinois, in 1954, and a conviction in St. Louis, Missouri, in 1968, for the equivalent of armed robbery in Illinois.

The court sentenced the defendant to life imprisonment for home invasion and armed violence and ordered the terms to be served consecutively. The defendant was also ordered to serve a concurrent term of seven years for attempted aggravated kidnaping.

Defendant contends on appeal that the court erred in imposing consecutive sentences of natural life imprisonment. The law regarding imposition of consecutive sentences is contained in section 5—8—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4), which provides in pertinent part as follows:

"(a) *** The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, in which event the court may enter sentences to run consecutively. ***·

(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record." Ill. Rev. Stat. 1983, ch. 38, pars. 1005—8—4(a), (b).

■ The facts in the case at bar do not suggest that the incident at Determan's home was anything other than "a single course of conduct during which there was no substantial change in the nature of the criminal objective." The occurrence lasted no more than 10 minutes and was confined to a limited area. The defendant at no time, either through his actions or his words, demonstrated any criminal intent other than to forcibly abduct Determan, pending the return of some cannabis. Although the defendant did strike Determan and threatened to cut her, we find these actions did not reflect a new criminal objective of the defendant, but were merely part of his attempt to kidnap Determan. Under these circumstances, we find that consecutive sentences cannot be imposed. See *People v. Fieberg* (1982), 108 Ill. App. 3d 665, 439 N.E.2d 543.

■ Additionally, we find that the exception listed in section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(a)) does not apply. Under that provision, if in the single course of conduct the defendant committed a Class X or Class 1 felony, and inflicted severe bodily injury, the trial court could impose consecutive sentences. The defendant here however did not inflict severe bodily injury on Determan. The only physical injury suffered by Determan resulted from a blow to her head by the defendant's fist. Although the defendant was armed with a knife and threatened to cut her, he did not in fact cut Determan at any time. There is no evidence in the record that Determan received medical attention for her injury, nor was there any evidence regarding the severity of the single blow. We find that the record is inadequate to support a finding that the defendant inflicted severe bodily harm.

■ Inasmuch as the defendant was adjudged a habitual criminal,

the court was required to sentence him to a term of imprisonment for natural life on each of the two Class X felonies. (Ill. Rev. Stat. 1983, ch. 38, pars. 33B—1(e), 1005—8—1(a)(2).) Since the defendant will be incarcerated for the remainder of his life under a single sentence of natural life imprisonment, the public will be protected from further criminal conduct by the defendant absent imposition of a consecutive term of natural life imprisonment on the second Class X felony. Accordingly, we find that consecutive terms of life imprisonment are not necessary for the protection of the public. Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(b).

Accordingly, having found that there was no basis for the trial court's imposition of consecutive sentences, we modify the trial court's sentence and order that defendant's two natural life sentences run concurrently.

The judgment of the circuit court of Jackson County is affirmed as modified.

Affirmed as modified.

WELCH and JONES, JJ., concur.