THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD D. TOWNSEND, Defendant-Appellant.

Fourth District No. 4—88—0649

Opinion filed May 11, 1989.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On March 17, 1988, a plenary order of protection was entered, pursuant to sections 201 through 227 of the Illinois Domestic Violence Act of 1986 (Act) (Ill. Rev. Stat. 1987, ch. 40, pars. 2312—1 through 2312—27), by the circuit court of Champaign County, ordering defend-

ant Edward D. Townsend to refrain from physically abusing, intimidating, wilfully depriving, threatening, harassing, or interfering with the personal liberty of L.B., or any other family or household member. This order also prohibited defendant from entering a residence at 1114 Lierman in Urbana, Illinois. The order provided for an expiration date of March 17, 1990. On August 9, 1988, a petition for rule to show cause was filed, asking defendant to show cause why he should not be held in contempt for violating both of the provisions of the March 17, 1988, order. On August 15, 1988, after an evidentiary hearing, the trial court found defendant had violated the conditions of the order of protection and, subsequently, sentenced defendant for indirect criminal contempt to the Champaign County Corrections Center for a period of 50 days. Defendant appeals contending that the State failed to prove beyond a reasonable doubt that he acted wilfully when he violated an order of protection, which he believed had been "lifted."

The evidence is clear that defendant entered the residence at 1114 Lierman on August 1, 1988, and during the visit, struck L.B. on the face at least one time. Defendant contends he was told by L.B. that she had arranged for the March 17, 1988, order to be lifted. He contends that he could not have wilfully violated something he thought no longer existed.

 ▌ Indirect criminal contempt involves conduct that does not occur in the presence of the trial court and, therefore, is not within the personal observation and knowledge of the judge. (*People v. Minor* (1987), 162 Ill. App. 3d 140, 146, 514 N.E.2d 1042, 1046; *Allen v. Duffie* (1984), 127 Ill. App. 3d 820, 822, 469 N.E.2d 702, 704.) Criminal contempt is a crime and, as such, a defendant's wilful violation of a court order must be proved beyond a reasonable doubt. (*Minor*, 162 Ill. App. 3d at 146-47, 514 N.E.2d at 1046.) Whether a defendant has been proved guilty of such conduct is a question of fact to be determined in this case by the trial court, and its decision will not be disturbed if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789.

L.B. did testify that she told defendant she was "coming down [to the courthouse] to try to get the order of protection lifted." She also testified, as follows:

"No, I did not tell him it was all right to come by. I told him that I had been trying to get that order of protection lifted, so

he and I could be together, because we do love each other, and we want to get together, but it's my mother that stands in the way."

■■ ■ The Act recognizes that domestic violence is a serious crime against the individual and society. (Ill. Rev. Stat. 1987, ch. 40, par. 2311—2(1).) It seeks to expand protection to victims, with those protections including physical separation. (Ill. Rev. Stat. 1987, ch. 40, par. 2311—2(5).) Orders of protection are orders of the court, not orders of the victims. (Ill. Rev. Stat. 1987, ch. 40, par. 2312—7.) We agree indirect criminal contempt for violations of these orders necessitates proof beyond a reasonable doubt of a wilful violation, but we do not agree that a victim's invitation to violate the court's order frees those contemnors from conviction for wilful misconduct. A contrary result would lead to mockery of the powers granted the courts under the Act.

■■ In the present case, no evidence indicated that defendant had received information from court officials regarding a "lifting" of the court order. Defendant violated the order by both entering the property at 1114 Lierman and by physically abusing L.B. The evidence indicated that when defendant became aware of police intervention, he stayed upstairs in the apartment, coming down only after being called by the arresting officer. This evidence, taken together with the testimony of L.B. and the absence of any official information relating to the termination of the court order, leads us to the conclusion that the court's finding that a wilful violation was established beyond a reasonable doubt was justified.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.