THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WOLO-HANS LUMBER COMPANY *et al.*, Defendants-Appellees.

Third District   Nos. 3—93—0859 through 3—93—0869 cons.

Opinion filed June 9, 1994.—Modified on denial of rehearing July 18, 1994.

Roland W. Burris, Attorney General, of Chicago (Martha E. Gillis, Assistant Attorney General, of counsel), for the People.

Michael R. Albert, of Blodgett, Reese, Merritt & Albert, of Rock Falls, for appellee Wolohans Lumber Co.

JUSTICE BRESLIN delivered the opinion of the court:

This case raises the question of what is the appropriate statute of limitations to apply to charges of violating sections 21 and 9 of the Environmental Protection Act (415 ILCS 5/21, 9 (West 1992)) (Act). These violations are classified as Class A misdemeanors by section 44 (415 ILCS 5/44 (West 1992)) of the Act and an extended limitations period applies to "offenses set forth" in section 44. The trial court determined that the extended limitations period did not apply and dismissed the charges based upon the passage of the statute of limitations. We affirm.

The following circumstances gave rise to the question before us. The defendants, Wolohans Lumber Company, Thomas Craig, Timothy Craig, Randy Spotts, Gene Jacques, Kenneth Reitzel, Reitzel Roofing Company, Prescott Construction Company, Timothy Weir, Rock River Roofing & Siding and Lewis McFalls, were charged with open dumping in violation of sections 21(a) and 44(a) of the Act. (415 ILCS 5/21(a), 44(a) (West 1992).) In addition, defendant Lewis McFalls was

charged with open burning in violation of sections 9(c) and 44(a) of the Act (415 ILCS 5/9(c), 44(a) (West 1992)) and conducting a waste disposal operation without a permit in violation of sections 21(d)(1) and 44(a) of the Act (415 ILCS 5/21(d)(1), 44(a) (West 1992)).

Section 21 of the Act declares that no person shall "[c]ause or allow the open dumping of any waste" (415 ILCS 5/21(a) (West 1992)) or "[c]onduct any *** waste-disposal operation *** without a permit" (415 ILCS 5/21(d)(1) (West 1992)). Section 9(c) states that "No person shall *** [c]ause or allow the open burning of refuse." (415 ILCS 5/9(c) (West 1992).) Section 44(a) provides that "[e]xcept as otherwise provided in this Section, it shall be a Class A misdemeanor to violate this Act." 415 ILCS 5/44(a) (West 1992).

The statute of limitations for Class A misdemeanors is one year and six months. (720 ILCS 5/3—5(b) (West 1992).) However, section 3—6(f) of the Criminal Code of 1961 (Code) provides for a five-year statute of limitations for the prosecution of "any offense set forth in Section 44" of the Act. 720 ILCS 5/3—6(f) (West 1992).

It is undisputed that if the extended limitations period does not apply to the charges brought against the defendants, the charges were correctly dismissed. The offenses were alleged to have been committed in August or September 1991. Therefore, the nonextended limitations period would have run, at the latest, on March 31, 1993. The current charges were not brought until June 25, 1993. Thus, the charges may only be allowed if they fall under the extended limitations period set forth in section 3—6(f) of the Code.

Section 3—6(f) of the Code applies to "any offense set forth in Section 44" of the Act. Therefore, we must determine whether the crimes with which the defendants are charged are "offenses set forth" in section 44.

The State argues that the crimes with which the defendants are charged were "offenses set forth" in section 44 because, although the prohibited acts are outlined elsewhere, that section classifies the crimes as Class A misdemeanors. (See 415 ILCS 5/44(a) (West 1992).) It contends that an "offense" is "set forth" only when both the criminal act and the punishment for it are defined. Therefore, because the punishment for the crimes of open dumping, open burning and operating a waste disposal operation without a permit is defined in section 44, the offense is completely set forth only in section 44 and the extended limitations period applies. We do not agree.

■ The offense is the act. The punishment, though necessary, is not a part of the offense itself. Therefore, an offense is "set forth" in that portion of the statute which describes the act which constitutes the crime. We find our position amply supported.

In *People v. Graf* (1968), 93 Ill. App. 2d 43, 235 N.E.2d 886, the court ruled that conduct constitutes a criminal offense if the statute either: (1) specifically states that it is an offense; or (2) provides a penalty. According to *Graf*, then, it is not necessary to provide for punishment before the definition of the offense is complete. In *Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 187 N.E.2d 274, the court held that an offense consists of two elements—the act and the intent. It did not include the punishment or classification of the crime in the definition of offense. In *People v. Brown* (1992), 235 Ill. App. 3d 945, 601 N.E.2d 1380, the court held that even though the punishment for criminal contempt of court is not specifically provided, criminal contempt is an "offense." Additionally, the Unified Code of Corrections declares that " '[o]ffense' means *conduct* for which a sentence to a term of imprisonment or to a fine is provided by any law of this State." (Emphasis added.) (730 ILCS 5/5—1—15 (West 1992).) Thus, it is the act, and not the ensuing punishment, which constitutes the offense.

■ Finally, to illustrate our point, we note that subsequent subparagraphs of section 44 define other violations of the Act and the class of crime into which these violations fall. Subparagraphs (b), (c), (d), (g), (h) and (k) not only define various violations but also contain the phrase, "[a] person commits the offense of." (415 ILCS 5/44(b), (c), (d), (g), (h), (k) (West 1992).) These violations include, *inter alia*, calculated criminal disposal of hazardous waste, unauthorized use of hazardous waste and concealment of criminal disposal of hazardous waste. They are clearly examples of the "offenses set forth" in section 44 to which the extended limitations period applies. Moreover, the violations in subparagraphs (b) through (k) are more serious than those found elsewhere in the Act and may be harder to detect. Thus, it would make sense to lengthen the statute of limitations for these crimes while maintaining a shorter limitations period for other, more readily discoverable crimes such as open burning and open dumping.

The State's interpretation of section 3—6(f) would result in an extended limitations period for all violations of the Act. The extended period would apply to the violations described in section 44 by its own terms as well as to all other violations of the Act via section 44(a). Had the legislature intended this result, it would not have restricted section 3—6(f) to offenses set forth in section 44, but would have provided that the extended limitations period applied to any offense set forth in the Act. Statutes must be read so as to give meaning to each word and phrase. (*Flowers v. City of Moline* (1993), 251 Ill. App. 3d 348, 622 N.E.2d 38.) Therefore, we cannot adopt the reasoning urged upon us by the State and thereby read the words of limitation out of section 3—6(f) of the Code.

Accordingly, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

LYTTON and STOUDER, JJ., concur.