(No. 48029.—

PATRICIA A. MARCISZ, v. MATTHEW J. MARCISZ, Appellee.—(The People of the State of Illinois, Appellant.)

*Opinion filed November 15, 1976.*

William J. Scott, Attorney General, of Springfield, and Martin Rudman, State's Attorney, of Ottawa (James B. Zagel, Jayne A. Carr, and Anne Taylor, Assistant Attorneys General, and Rodney B. Lechwar, Assistant State's Attorney, of counsel), for the People.

Rogert Agostinelli, Deputy Defender, and Mark W. Burkhalter, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Matthew J. Marcisz, was found guilty of contempt in the circuit court of Will County and sentenced to six months imprisonment to be served at the Illinois State Penal Farm. The appellate court reversed and remanded (32 Ill. App. 3d 467), and we allowed the People's petition for leave to appeal.

The facts are stated in the appellate court's opinion and need not be repeated here. Defendant was held in contempt for repeated violation of that portion of a divorce decree which enjoined him from interfering with his former wife's occupancy of the marital residence and from otherwise molesting her. The appellate court held that the contempt was criminal rather than civil, that "defendant was deprived of his constitutional right to the assistance of counsel and his right not to incriminate himself," reversed the judgment, and remanded for a new hearing. (32 Ill. App. 3d 467, 473, 474.) The People

contend that because the contempt stems from defendant's violation of the injunction contained in the divorce decree, "The entire contempt action is in effect a continuation of the divorce proceedings and is therefore civil in nature."

The appellate court, on its own motion, ordered that the People be "substituted as appellee" and appointed the State Appellate Defender to represent defendant. The State's Attorney of Will County moved that an order be entered "allowing The People *** to withdraw from the *** cause *** inasmuch as this matter is a civil action over which the state's attorney *** and the People *** have no jurisdiction to appeal." The appellate court held that "this is an appropriate case for the appointment of the People as substitute appellee ***" and denied the motion. The People contend that "The State was erroneously substituted as appellee in this civil contempt action" and that "such an appointment does not come within the statutory duties of the State's Attorney. Ill. Rev. Stat., ch. 14, sec. 5 (1973)."

In *People ex rel. Chicago Bar Association v. Barasch*, 21 Ill. 2d 407, in considering the respondent's contention that the contempt there involved was criminal rather than civil, the court said:

> "At the outset we are confronted with respondent's contention that this is a criminal proceeding or in the nature of a criminal proceeding, and that the rules of criminal procedure must be followed, including proof of the charges beyond a reasonable doubt, application of limitations similar to the Statute of Limitations, and formality of information.
>
> Contempt proceedings, while usually called civil or criminal, are, strictly speaking, neither. They may best be characterized as *sui generis*, and may partake of the characteristics of both. [Citations.] Proceedings in the nature of criminal

contempt have been defined as those directed to preservation of the dignity and authority of the court, while it has been said that civil contempts are those prosecuted to enforce the rights of private parties and to compel obedience to orders or decrees for the benefit of opposing parties. [Citations.] These principles, while seemingly plain and adequate, are most difficult to apply. The line of demarcation in many instances is indistinct and even imperceptible. [Citation.] A further guide may be found in the purpose of punishment. Imprisonment for criminal contempt is inflicted as a punishment for that which has been done, whereas imprisonment for civil contempt is usually coercive and, as was said in the case of *In re Nevitt,* (8th cir.) 117 Fed. 448, 'he [the contemnor] carries the key of his prison in his own pocket.' " 21 Ill. 2d 407, 409-10.

In addition to the charges of repeated violation of the injunction, the petition for an order to show cause alleged that defendant had willfully failed to pay child support.

In its order the circuit court said:

"Defendant found to be in willful contempt of this Court for failure to obey the order contained in Paragraph 4, Page 3 of the Decree heretofore entered in that he willfully and intentionally violated the injunction order therein ordered and did the acts the Court has found and the proofs have shown. Defendant is found to be in willful contempt of this Court and is sentenced to the Illinois State Penal Farm at Vandalia for a period of 6 months. Insofar as non-payment of child support and any other matters, Court finds proof insufficient to prove contemptible [*sic*] in regard to same."

The transcript of the proceedings and the circuit court's findings leave no doubt that the order was intended not to "compel obedience" to the provisions of the decree but to preserve the "dignity and authority of the court" and to punish defendant for past transgressions. We agree with

the appellate court that the contempt was criminal and that defendant was entitled "to notice, a reasonable opportunity to defend, the assistance of counsel [citations], and the right to be proven guilty beyond a reasonable doubt and not be compelled to testify against himself. [Citations.]" 32 Ill. App. 3d 467, 473.

We consider next whether the appellate court erred in substituting the People as appellee in the contempt proceedings and in denying the State's Attorney's motion to withdraw. Contempts are not crimes defined by statute and in the circuit court may be prosecuted, as in this case, by counsel for a litigant, by the State's Attorney or by an *amicus curiae* appointed by the court. (*People v. Goss,* 10 Ill. 2d 533.) It would appear that the same rule should apply to the prosecution or defense of the appeal from the order of the circuit court entered in the contempt proceeding. Section 5 of "An Act in regard to attorneys general and state's attorneys" provides that it is the duty of the State's Attorney "To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Ill. Rev. Stat. 1975, ch. 14, par. 5.) We are of the opinion that this contempt proceeding, designed to preserve the dignity and authority of the court, and in which the sentence imposed was clearly intended to punish defendant rather than compel obedience for the benefit of his children and former wife, was an action "in which the people of the State or county may be concerned." The State's Attorney, however, is not merely a ministerial officer but is vested with a large measure of discretion. (*People ex rel. Hoyne v. Newcomer,* 284 Ill. 315.) In the exercise of that discretion he has the responsibility of determining what offense should be charged (*People v. Rhodes,* 38 Ill. 2d 389) and may exercise discretion concerning the prosecution and defense of appeals. Here, in the exercise of his discretion, the State's Attorney sought to be relieved of the appoint-

ment to defend the appeal and the appellate court erred in denying the motion.

Concerning the question whether the appellate court erred in substituting the People as appellee, the People were appropriately substituted whether the appeal was to be defended by the State's Attorney or by an *amicus curiae* appointed by the court.

For the reasons stated the judgment of the appellate court insofar as it denied the motion of the State's Attorney for leave to withdraw is reversed and in all other respects the judgment is affirmed.

*Affirmed in part and reversed in part.*