THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHAINDRIVE CORPORATION *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 76-595, 76-596 cons.

Opinion filed June 9, 1977.

Arthur J. Frank, of Chicago (Frank Associates, Ltd., of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Mary F. Stafford, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

These consolidated appeals are taken from two bench trials. Defendants, John O'Donnell and Chaindrive Corporation were jointly tried and convicted of two violations of section 14 of the Illinois Wage Payment and Collection Act for failing to pay wages to their employees. (Ill. Rev. Stat. 1975, ch. 48, par. 39m—14.) Each was assessed fines totalling $460 respectively. Defendants assert that (1) the trial court erred in failing to grant their motions to dismiss at the conclusion of the State's cases-in-chief; and (2) they were not proved guilty beyond a reasonable doubt.

We reverse the decision of the trial court.

In General Number 76-595, Mrs. Kristen Innocenti testified that she was employed by the corporate defendant to be its restaurant manager in March 1, 1975. Her duties included the hiring of a restaurant staff. She retained this position until her termination on June 21, 1975. She had received her salary except for the final week's payment of $250. Many of her checks were issued late, and she understood from her conversations with John O'Donnell that the corporate defendant was in financial difficulty.

John O'Donnell, the president of the corporate defendant, confirmed Mrs. Innocenti's employment but stated that she had been told her employment would cease on June 15, 1975. He claimed the corporation was unable to meet its payroll obligations, and the final paychecks issued to the employees came from personal funds, which had been placed in another corporation's account upon which the paychecks were made payable. The record also shows the restaurant was closed due to remodeling during the time in question and that it did not commence business thereafter.

In General Number 76-596 Melvin Shaw testified that he was employed as a cook by Mrs. Innocenti on June 2, 1975, at a salary of $200 per week. However, until the restaurant opened he was to receive only one-half that amount. Because the restaurant was undergoing construction he worked as a painter until June 21, 1975, when he received his only paycheck which was for an amount $175 less than owed him. The check he received was not drawn upon the corporate defendant's account. Rather the check stub indicated the money had been loaned to the corporation by an individual. Shaw indicated he had heard O'Donnell inform the court that the corporation's debt amounted to $140,000.

John O'Donnell reiterated his testimony given at the previous trial, and he again informed the court that the corporation was unable to pay.

Section 14 of the Illinois Wage Payment and Collection Act provides in part:

> "Any employer or any agent of an employer, who, being able to pay wages * * * wilfully refuses to pay * * * with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due * * * is guilty of a Class C misdemeanor." Ill. Rev. Stat. 1975, ch. 48, par. 39m—14.

While the date which Shaw and Mrs. Innocenti were terminated from employment was disputed, defendants concede evidence was adduced that defendants failed to pay wages during the period of June 15-21, 1975. However, they assert the State did not show the corporation was able to pay and wilfully refused to pay with the necessary intent to deprive its employees of their wages.

■■ We need not discuss the propriety of the trial court's denials of defendants' motions to dismiss at the close of the State's cases-in-chief. These motions were predicated upon the lack of evidence presented by the State to sustain its evidentiary burden. Defendants' subsequent presentations of evidence in each instance waives consideration of this matter. *People v. Washington* (1962), 23 Ill. 2d 546, 548, 179 N.E.2d 635.

■■ The State is under the obligation to prove beyond a reasonable doubt the elements of the offense charged. In accord with the terms of section 14 it must show that the corporate defendant was able to pay and that it wilfully refused to pay. *Cf. People v. Harder* (1975), 59 Ill. 2d 563, 567, 322 N.E.2d 470.

■■ The records in both cases strongly suggest that the corporate defendant was unable to pay. It is undisputed that both Mrs. Innocenti and Melvin Shaw were employed in preparation of the opening of the restaurant to be operated by the corporate defendant. However, the restaurant never opened. Mrs. Innocenti testified that she knew the restaurant was having financial difficulty and John O'Donnell indicated that her last paycheck came from personal funds placed in another corporation's account upon which the check was payable. Melvin Shaw's testimony showed that his check was made possible by a loan to the corporation from another individual. Moreover, the record establishes that the corporate defendant was in substantial debt. These factors demonstrate the inability of the corporate defendant to pay which negates the element of wilfullness for nonpayment.

■■ We reject the State's position that the reasonable inference exists that the corporate defendant could pay and wilfully withheld payment because it did not introduce records to disprove this matter. A defendant's failure to introduce evidence which is within his control is not

substantial proof of the offense; but when considered in conjunction with other evidence; it may permit an unfavorable inference against defendant. (See *People v. Blakes* (1976), 63 Ill. 2d 354, 359, 348 N.E.2d 170.) However, as noted, there was no other evidence upon which to base a conclusion that the disputed wages could be paid.

Accordingly, the judgments of the circuit court are reversed.

Judgments reversed.

DIERINGER, P. J., and ROMITI, J., concur.