Kathleen STRACK, Plaintiff,

v.

Joseph DONAHUE and Robert Strack, Defendants.

No. 80 C 295.

United States District Court,
N. D. Illinois, E. D.

Dec. 11, 1981.

Imming, Faber & Roeser, Elgin, Ill., for plaintiff.

Stephen M. Cooper, Geneva, Ill., DeJong, Potrock & Giampietro, Chicago, Ill., Judge, Drew, Cipolla & Kurnik, Park Ridge, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

In this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, plaintiff Kathleen Strack ("Strack") seeks to recover damages against defendants Joseph Donahue ("Donahue"), a Carpentersville, Illinois police officer, and Robert Strack ("R. Strack"), an Illinois State police officer and plaintiff's former husband, for the alleged deprivation of her civil rights. Donahue has moved to strike Strack's second amended complaint and dismiss the cause as to him. For the reasons stated below, Donahue's motion is granted.[1] The claim against R. Strack is also dismissed.

The facts of the case are simple and not in dispute. Kathleen and Robert Strack were divorced in December 1976, pursuant to a divorce decree entered by the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. On December 1, 1978 that court found Strack to be in contempt of the divorce decree and ordered her to appear for sentencing on December 1, 1978.

When she failed to appear, the court held her in continuing and willful contempt of court for failing to comply with its order of December 1, and ordered issuance of a body attachment for her apprehension to be executed by the Sheriff of Kane County, Illinois, where she was then in residence.

On January 22, 1979 the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, Criminal Division, issued a search warrant for the seizure of the person of Kathleen Strack, based upon the complaint of defendant Donahue for issuance of a search warrant. In his complaint, Donahue alleged that on December 19, 1978 he had been advised by the Madison County Sheriff's Department of an outstanding warrant for Strack's arrest, that he had confirmed that the warrant was still active on January 22, 1979, and that he had spoken with defendant R. Strack to confirm Strack's residence. Donahue served the search warrant on Strack at her residence, handcuffed her, and took her into custody.

Strack has filed a three-count complaint based on the foregoing facts. She alleges that the search warrant was invalid because there was no probable cause for its issuance since she had never been charged with a crime and was not the subject of criminal proceedings, that the defendants willfully made false allegations in the complaint for a search warrant with the wrongful and malicious intent of using criminal processes to enforce a civil court order, and that the acts of the defendants caused her humiliation, embarrassment and mental suffering. In Count I, she claims that the defendants' conduct deprived her of unspecified rights, privileges and immunities guaranteed by the United States Constitution and federal law. In Count II, she claims that the defendants violated her right to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution and the Illinois Constitution. In Count III, she seeks

---

1. The motion is more properly one for summary judgment, since the parties rely, among other things, upon a December 1978 state court body attachment and order, a copy of which is attached to plaintiff's memorandum.

damages on a theory of common law trespass.

The Civil Rights Act of 1871 imposes civil liability only upon one who

> under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws ....

42 U.S.C. § 1983. In deciding whether Strack has stated a cause of action under § 1983, then, the initial inquiry is whether the facts alleged in her complaint, if proven, would establish a deprivation of rights guaranteed by the "Constitution and laws" of the United States. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

■ Although Strack does not specify in Count I of her complaint the federally-created right that she has allegedly been denied as a result of the defendants' conduct, it is apparent from the factual allegations of the complaint, as well as from the Fourth Amendment claims set forth in Count II, that she is claiming an unlawful restraint on her liberty interests. The Fourth Amendment's protection from arrests without probable cause applies in the criminal context the Fifth and Fourteenth Amendments' civil protection against restraints on liberty without due process of law. The requirements of "due process" in the civil context, and "probable cause" in the criminal context, provide protection against unnecessary state infringement upon the individual's right to liberty. *See Gerstein v. Pugh*, 420 U.S. 103, 112, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1974); *Chrisco v. Shafran*, 507 F.Supp. 1312, 1321 (D.Del. 1981). A liberty right must, of course, exist before these requirements come into play.

■ Taking the well-pleaded factual allegations of the complaint as true for purposes of this motion to dismiss, *Hampton v. City of Chicago, Cook County, Illinois*, 484 F.2d 602, 606 (7th Cir. 1973) *cert. denied* 415 U.S. 917, 94 S.Ct. 1413, 39 L.Ed.2d 471 (1974), the court finds that the complaint, as it now stands, and read in light of the body attachment order, is devoid of any suggestion that Strack had a liberty right which defendants' conduct violated. Strack concedes that, at the time of her arrest, there was an outstanding body attachment for her apprehension in connection with a contempt of court order issued in divorce proceedings to which she was a party. She does not challenge the constitutionality of this body attachment, nor does it appear from the pleadings and exhibits presently before the court that she could contest its validity. Strack, thus, had no liberty interest in freedom from governmental restraint in connection with her alleged contempt of court.

■ Strack's contention that her arrest violated the Fourth Amendment because the arrest warrant was issued without probable cause to believe that she had committed a criminal offense under Illinois law is disingenuous. She cannot complain that there was reason to arrest her. The order of contempt and the issuance of a body attachment in the prior divorce proceedings make it clear there were grounds for taking her into custody, albeit not criminal grounds.[2] Strack's real complaint is that she was arrested by the wrong person pursuant to service of the wrong document. She makes no allegation in her complaint that her arrest by defendant Donahue under a warrant issued by a criminal court constituted a restraint on her liberty more

---

2. In fact it is not as clear as Strack contends that the contempt proceedings in connection with her divorce must be characterized as civil. The line between civil and criminal contempt is an exceedingly fine one, *see Marcisz v. Marcisz*, 65 Ill.2d 206, 2 Ill.Dec. 310, 357 N.E.2d 477 (1976) and *Blankenship v. Blankenship*, 63 Ill. App.3d 803, 20 Ill.Dec. 956, 380 N.E.2d 1165 (4th Dist. 1978), and as the Illinois Supreme

Court noted in an early decision, "[While] the attachment for this species of contempt, the disobedience of an order to pay money, is to be looked upon ... as a civil execution for the benefit of the injured party ... [it is] carried on in the shape of a criminal process for a contempt of the authority of the court." *Buck v. Buck*, 60 Ill. 105, 106 (1871).

significant than, or in any way different from, the restraint that would have resulted from execution of the body attachment. A failure to comply with technical procedures required by state statutory law, while perhaps creating a cause of action under state law, does not always rise to the level of a constitutional violation, especially in the absence of deprivation of a substantive constitutional right. *See Hamilton v. Chaffin*, 506 F.2d 904, 910 (5th Cir. 1975); *Slotnick v. Stavisky*, 560 F.2d 31, 34 (1st Cir. 1977).

Strack alleges that the defendants willfully made false and fictitious statements in obtaining the criminal warrant with the wrongful and malicious intent of using the criminal process to enforce a civil court order. She does not specify which statements made in the complaint for issuance of a search warrant were false or fictitious, and, in any event, it appears from the exhibits attached to her complaint as well as her memorandum opposing this motion that the essential allegations of Donahue's complaint—that there was a valid body attachment against Strack for contempt of court—is true. While it is true that a valid arrest may be constitutionally impermissible if executed for an improper motive, *see Pierson v. Ray*, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1966); *Lessman v. McCormick*, 591 F.2d 605, 609–11 (5th Cir. 1979)[3], Strack's conclusory allegations unsupported by any facts are insufficient to state a cause of action.

Although defendant R. Strack has not moved to dismiss the second amended complaint,[4] it must also be dismissed as against him for all of the foregoing reasons. Moreover, the complaint fails to make any allegations against R. Strack other than the conclusory charge that he maliciously and

intentionally abused his position as a police officer. There are no factual allegations that he was in any way involved in the arrest. The only indication of his involvement is the allegation in Donahue's complaint for a search warrant that he spoke with R. Strack to confirm plaintiff's current whereabouts. R. Strack's confirmation of her residence does not amount to a violation of her constitutional rights.

Finally, the court in its discretion dismisses plaintiff's pendent claim for common law trespass because of the dismissal of the counts under federal law. *See Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407, 422 (7th Cir. 1980).

---

**3.** The recent decision in *Baker v. McCollan, supra*, though factually distinguishable in some respects from this case, casts some doubt on the availability of a federal cause of action for violation of civil rights on facts essentially constituting a claim of false arrest or imprisonment. In that case, the Court relegated the plaintiff to state and common law remedies on

his claim that he was unlawfully detained pursuant to a valid arrest warrant because of a misidentification problem.

**4.** Defendant R. Strack did move for dismissal of plaintiff's original complaint. The court granted his motion on September 3, 1980 and plaintiff subsequently amended her complaint.