SHERRY DEL DOTTO *et al.*, Indiv. and as Guardians for Jillian Del Dotto, a Minor, Plaintiffs-Appellees, v. NEIL OLSEN, Defendant-Appellant.

First District (1st Division)   No. 1—92—1128

Opinion filed December 30, 1993.

Rita A. Fry, Public Defender, of Chicago (James Gibbs, Michael Genova, and James Doherty, Assistant Public Defenders, of counsel), for appellant.

Sonnenschein, Nath & Rosenthal, of Chicago (Edwin A. Rothschild, Richard M. Hoffman, and Barbara L. Smith, of counsel), for appellees.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

This appeal by defendant Neil Olsen arises from the trial court's entry of an order finding him in indirect criminal contempt of a court order, and sentencing him to 150 days in jail. Defendant's sentence was stayed pending the outcome of this appeal.

According to the record, on August 15, 1985, plaintiffs filed a suit against defendant and his mother seeking damages and injunctive relief for defendant's alleged continued malicious harassment. On

August 26, 1985, the trial court entered an order for preliminary injunctive relief, enjoining and restraining defendant from engaging in any conduct or performing any act which could reasonably be foreseen to harass, intimidate, alarm, threaten or frighten plaintiffs. In March 1991 a jury awarded plaintiffs $1 million against defendant and $700,000 against his mother for damages resulting from defendant's harassment of plaintiffs.

Sometime between March and May 1991 defendant pursued plaintiff Sherry Del Dotto in his vehicle down a Chicago street. As a result of this act, on May 8, 1991, counsel for plaintiffs filed a petition for rule to show cause against defendant, asking why defendant should not be found in contempt of court for violating the preliminary injunction entered by the court. On July 23, 1991, defendant filed an affidavit of assets and liabilities in which he stated, under oath, that he was without adequate assets to retain counsel. The court appointed a public defender to represent defendant in the contempt proceedings. Defendant, through the public defender, filed a motion to dismiss the contempt complaint. After a denial of defendant's motion to dismiss the contempt charge, an evidentiary hearing was held on the petition March 3, 1992. Following the evidentiary hearing, the court found defendant guilty of indirect criminal contempt, and sentenced him to 150 days in the Cook County jail. Defendant filed a motion for new trial and stay of execution of the sentence. The court denied defendant's motion for new trial, but granted stay of the sentence pending appeal. On appeal defendant argues that the trial court erred in granting plaintiff's contempt order. Specifically, defendant contends that Illinois law does not allow counsel for a civil litigant to prosecute an indirect criminal contempt arising out of the civil litigation. For the following reasons, we affirm.

■ Contempts are not crimes defined by statute and in the trial court may be prosecuted by counsel for a litigant, by the State's Attorney, or by an *amicus curiae* appointed by the court. (*Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, 357 N.E.2d 477.) A court's inherent authority to initiate contempt proceedings understandably includes authority to appoint an attorney to represent the public interest in vindication of the court's authority. (*People v. Shukovsky* (1988), 128 Ill. 2d 210, 221; 538 N.E.2d 444.) In fact, the private litigant who brings the facts of an indirect contempt, civil or criminal in nature, before the court performs a valuable service to the court. *Frank B. Hall & Co. v. Payseur* (1981), 99 Ill. App. 3d 857, 425 N.E.2d 1002.

In the instant case, the criminal contempt of court arose out of a civil matter. Plaintiff's counsel was retained to seek an injunction restraining defendant from harassing plaintiff. After the court

entered the order, defendant continued to harass plaintiff. Plaintiff's counsel prosecuted the matter, thereby performing a valuable service to the court.

Defendant cites to *Hayner v. People* (1904), 213 Ill. 142, 72 N.E. 792, for the proposition that it is improper for private counsel in a civil proceeding to prosecute an indirect criminal contempt of court arising out of civil litigation. Defendant maintains that it would be manifestly improper to permit counsel paid by private parties to take on the official responsibilities delegated to a public officer and assume management of the criminal case. Defendant concedes that private counsel could assist the public officer in prosecuting the matter, but that the assistant State's Attorney must direct and prosecute the case. Defendant similarly cites to *Littleton v. Berbling* (1972), 468 F.2d 389, for the proposition that there is no possibility of private enforcement of criminal laws in Illinois where the legislature has not provided for same by statute.

█ Defendant's reliance on the above cases is misplaced. Contempt proceedings are not crimes defined by statute and, in fact, are collateral to and independent of the case in which the contempt arises. (*People v. Shukovsky* (1989), 128 Ill. 2d 210, 538 N.E.2d 444.) Criminal contempts have been defined as those proceedings directed to preservation of the dignity and authority of the court. (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 409, 173 N.E.2d 47.) The need to vindicate a court's authority is satisfied by ensuring that an alleged contemptor will have to account for his or her behavior in a legal proceeding, regardless of whether the party is ultimately convicted or acquitted. *Young v. United States ex rel. Vuitton* (1987), 481 U.S. 787, 95 L. Ed. 2d 740, 107 S. Ct. 2124.

█ The crime involved in *Hayner* was murder, a crime specifically provided for by statute. Likewise, the crime in *Littleton* involved the private enforcement of a statutory criminal law. Each of these two cases is distinguishable from the instant case, where the prosecution here was for criminal contempt, not for violation of a statutory law. Neither the provisions of the Code of Civil Procedure (735 ILCS 5/1—101 (1992)), nor the provisions of the Code of Criminal Procedure of 1963 (725 ILCS 5/100—1 (1992)), are strictly applicable to indirect criminal contempt proceedings, unless a particular provision is made specifically applicable by its language. (*In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.) Thus, we find the authorities cited by defendant inapplicable. Rather, we are bound to follow *Marcisz*, in which the Illinois Supreme Court held that a private litigant may prosecute a criminal contempt of court. In that case, defendant was held in contempt for repeated violation of that portion of a

divorce decree which enjoined him from interfering with his former wife's occupancy of the martial residence and otherwise molesting her. The appellate court held that defendant was deprived of his constitutional right to assistance and entered an order substituting the People of the State of Illinois as the appellee and appointing the appellate defender to represent defendant. The Illinois Supreme Court held that the appellate court did not err in substituting the People as appellee, whether the appeal was to be defended by the State's Attorney or by an *amicus curiae* appointed by the court. (*Marcisz*, 65 Ill. 2d at 211.) Hence, *Marcisz* clearly establishes that a private attorney can prosecute an indirect criminal contempt matter.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.