JAY MILLER, Plaintiff-Appellee, v. KIEFER SPECIALTY FLOORING, INC., Defendant-Appellant.

Second District   No. 2—99—1193

Opinion filed November 13, 2000.

C. Jeffrey Thut, of Roach, Johnston & Thut, of Libertyville, for appellant.

Joseph R. Voiland, of Law Offices of Joseph R. Voiland, of Aurora, for appellee.

JUSTICE GALASSO delivered the opinion of the court:
On January 9, 1997, plaintiff, Jay Miller, filed a complaint against defendant, Kiefer Specialty Flooring, Inc., seeking the payment of wages in the form of commissions and vacation pay alleged to be due and owing for services rendered to defendant in 1995 and 1996. Plaintiff claimed that defendant owed him over $24,000 in back wages. Following arbitration, the trial court entered a judgment on the award for plaintiff in the amount of $10,598.03 plus costs for the wage claim. The order was dated December 5, 1998, and file stamped December 8, 1998.

On March 11, 1999, plaintiff filed a motion for additional relief in the form of interest penalties pursuant to section 14(b) of the Illinois

Wage Payment and Collection Act (Act) (820 ILCS 115/14(b)) (West 1998)) for defendant's failure to pay the judgment promptly within 15 days after its entry. On September 28, 1999, the trial court ordered defendant to pay an additional $8,372.44 in interest penalties. Defendant timely appeals the penalty order, arguing that the court erred in awarding interest penalties under the provisions of the Act, because defendant did not wilfully refuse to pay the wages ordered to be paid by the trial court. We affirm.

There is no report of the proceedings, but since the essential facts are undisputed, the issue presented is one of law involving the construction and application of the relevant provisions of the Act. On February 13, 1997, defendant was initially defaulted for the failure to appear and answer the complaint. Defendant then filed its appearance and moved to vacate the default on March 17, 1997. The order of default was vacated and defendant moved to transfer venue. Plaintiff sought the production of relevant records from defendant and moved to strike the motion for change of venue. The court ordered defendant to comply with the production request. On September 4, 1997, defendant's motion to transfer venue was stricken for defendant's failure to comply with discovery.

Plaintiff again moved for a default order for defendant's failure to answer the complaint, and a second default order was entered on October 9, 1997. Defendant's second motion to vacate the default was granted on January 1, 1998. On February 5, 1998, plaintiff again successfully moved for a default order alleging that defendant had delayed in answering the complaint. Defendant filed another motion to vacate the default order on March 23, 1998, asserting that there had been an answer to the complaint but that the file did not contain a file-stamped copy of the answer. The default order was vacated. On April 4, 1998, the court accepted the answer claimed to have been filed on February 4, 1998.

On June 25, 1998, the court again ordered defendant to comply with outstanding discovery on or before July 3, 1998. On July 10, 1998, plaintiff moved for sanctions against defendant for the failure to comply with discovery. On July 30, the court again ordered defendant to comply with discovery and to reschedule depositions. On August 20, 1998, plaintiff again moved for sanctions for defendant's failure to comply with discovery. On September 3, plaintiff's motion was withdrawn apparently because defendant tendered certain answers in discovery.

On October 21, 1998, the arbitration panel awarded plaintiff $10,598.03 plus costs for the wage claim. The panel also made a finding that defendant failed to participate in the hearing in good faith

and in a meaningful manner. Defendant filed a notice of rejection of the award. On December 3, 1998, plaintiff petitioned for sanctions for defendant's failure to participate in arbitration in good faith and prayed that defendant be debarred from rejecting the award. In orders file stamped December 8, 1998, the court found that defendant failed to participate in good faith and in a meaningful manner and that defendant failed to present sufficient evidence to rebut the finding of the arbitration panel. Plaintiff's motion was granted, and defendant was debarred from rejecting the award. The court then entered judgment on the arbitration award.

On January 7, 1999, plaintiff filed an affidavit for nonwage garnishment and filed a motion for a turnover order on February 4, 1999, and the court entered a turnover order on February 11, 1999. On March 11, 1999, plaintiff sought additional relief in the form of statutory interest penalties under section 14(b) of the Act. The record contains a letter dated December 9, 1998, notifying defendant's counsel of plaintiff's intent to seek penalties under the Act if the award was not paid within 15 days of the December 8 order. On March 3, 1999, the court denied defendant's January 7 motion to vacate the December 8 order. The court found that the rejection fee of $200 had been dishonored for insufficient funds and was therefore not timely paid within the requisite 30-day period. On May 27, 1999, the court entered an order that contained *inter alia* a stipulation that defendant did not wilfully refuse to pay the December 8, 1998, judgment. The matter was continued for briefing. On September 17, 1999, the court issued a written memorandum decision denying defendant's motion to reconsider (a motion presumably mailed on March 19 or filed on April 20, 1999; the motion is not found in the record). The court construed section 14(b) of the Act as providing for the payment to plaintiff of penalty interest of 1% per calender day for each calendar day of delay in paying the wages due because the defendant employer did not make payment within 15 days of the order of December 8, 1998. The court also construed section 14(b) as not requiring proof of defendant's wilfulness in failing to pay the wages before the penalty could be imposed.

On September 28, 1999, the court entered an order for the payment of an interest penalty of $8,372.44 for the time period between December 8, 1998, and February 25, 1999, the date the original judgment was satisfied. In an agreed order, the enforcement of the penalty was stayed pending appeal.

The issues before this court are (1) whether the provisions of the Act provide a private, civil cause of action for an employee such as plaintiff to collect interest penalties upon the failure of the defendant

employer to pay a judgment or order within 15 days of its entry; (2) whether plaintiff must prove that defendant's failure to pay the amount ordered was wilful and whether a correspondingly high standard of proof applies; and (3) whether any motion, objection, or request for reconsideration or for further relief from the order tolls the accrual of daily penalty interest.

In 1974, the Act became law and replaced several existing statutes whose provisions had each been enacted separately; although their subject matter was similar, each earlier provision carried its own administrative or penalty section. *Stafford v. Bowling*, 85 Ill. App. 3d 978, 979 (1980). The Act added several new provisions that gave the Department of Labor (Department) the authority to use a variety of approaches to enforce the Act and collect wages on behalf of employees. The Department may offer investigatory and conciliation services, may make findings of fact and order the employer to pay wages owed to an employee, may add liquidated penalty damages, and may provide assistance to employees who wish to prosecute their own claims against their employers. *Stafford*, 85 Ill. App. 3d at 980. Among other things, the Department was given the authority to initiate criminal misdemeanor actions for violations of the Act independently and in addition to the authority of the State's Attorneys of the various counties to prosecute criminal actions; and the Department has the discretion to pursue any particular remedy or penalty but is not mandated to do so. See 820 ILCS 115/6, 11 (West 1998); *Stafford*, 85 Ill. App. 3d at 980-81.

■ Section 11(c) provides: "Nothing herein shall be construed to prevent any employee from making complaint or prosecuting his or her own claim for wages." 820 ILCS 115/11(c) (West 1998). The purpose of the Act is to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation without retaliation from employers; this cause of action arises out of the employment contract. See *Doherty v. Kahn*, 289 Ill. App. 3d 544, 557-58 (1997). It is clear that an aggrieved employee has a private, civil cause of action for the collection of wages that is entirely independent from the Department's enforcement powers, and a plaintiff is not required to obtain an order or initial determination of liability from the Department before proceeding in a circuit court. *Kahn*, 289 Ill. App. 3d at 558; *Nagel v. Gerald Dennen & Co.*, 272 Ill. App. 3d 516, 523-25 (1995) (employee not required to obtain Department's initial determination of liability or exhaust administrative remedies); *Clark v. Western Union Telegraph Co.*, 141 Ill. App. 3d 174, 177 (1986).

Unlike criminal prosecutions for misdemeanor offenses, that is, for wilful violations of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 39m—14

(now 820 ILCS 115/14(a) (West 1998))), civil suits by aggrieved employees are governed by the rules of civil procedure. *Clark*, 141 Ill. App. 3d at 177 (discussing statute of limitations for private civil suits under the Act). We observe that section 14 in the 1977 version of the Act consisted of two paragraphs and was entitled "Refusal to pay wages or final compensation—Punishment—Failure to obey order to pay wages—Penalty." Ill. Rev. Stat. 1977, ch. 48, par. 39m—14. The first paragraph dealt with wilful misdemeanor violations while the second paragraph dealt with the failure to pay following an order of the Department or a court. The textual arrangement of the two paragraphs strongly suggests in itself that criminal *punishment* for an offense was distinct from a (civil) *penalty* for the failure to pay following the entry of an order.

■ Section 14 was amended in 1983 (Pub. Act 83—202, § 1, eff. January 1, 1984). In addition to creating three subsections, the 1983 amendment added criminal provisions for retaliatory discharge or discrimination by an employer against an employee who asserts rights under the Act or assists in the enforcement of the Act. The 1998 version now contains three subsections, which read as follows:

"14. (a) Any employer or any agent of an employer, who, being able to pay wages, final compensation, or wage supplements and being under a duty to pay, wilfully refuses to pay as provided in this Act, or falsely denies the amount or validity thereof or that the same is due, with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due, upon conviction, is guilty of a Class C misdemeanor. Each day during which any violation of this Act continues shall constitute a separate and distinct offense.

(b) Any employer who has been ordered by the Director of Labor or the court to pay wages due an employee and who shall fail to do so within 15 days after such order is entered shall be liable to pay a penalty of 1% per calendar day to the employee for each day of delay in paying such wages to the employee up to an amount equal to twice the sum of unpaid wages due the employee.

(c) Any employer, or any agent of an employer, who knowingly discharges or in any other manner knowingly discriminates against any employee because that employee has made a complaint to his employer, or to the Director of Labor or his authorized representative, that he or she has not been paid in accordance with the provisions of this Act, or because that employee has caused to be instituted any proceeding under or related to this Act, or because that employee has testified or is about to testify in an investigation or proceeding under this Act, is guilty, upon conviction, of a Class C misdemeanor." 820 ILCS 115/14(a), (b), (c) (West 1998).

The effect of this textual arrangement was to sandwich the civil interest penalty provision for the failure to pay between two subsections providing for criminal punishment for wilful violations of the Act.

The issue we now address is whether the plaintiff employee has a private right of action for statutory civil interest penalties against an employer that fails to pay wages within 15 days of the order of the Department or a court. We believe such a right is clearly supported by the statute itself and that it finds additional support in existing case law.

The right of the employee to vindicate his or her right to the prompt payment of wages does not depend on the Department, and the Department may assist employees in asserting their rights but it has discretion to decide what type of intervention, if any, it shall exercise. The real party in interest is the employee. See *Stafford*, 85 Ill. App. 3d at 982.

Section 14(b) of the Act provides that the 1%-per-day penalty (up to an amount equal to twice the sum of unpaid wages) for the delay in paying the wages shall be paid to the *employee*, not to the state. This provision provides for a type of liquidated damages that accrue to the employee after the Department or a court of law determines liability for the amount of wages due. This provision clearly manifests that the remedy is for the benefit of the employee, not the state. It does not come into play until a determination has been made, in the form of an order, that certain wages are due and owing under the employment agreement and there is a 15-day delay in paying the wages.

The provisions of the statute should be construed in the light of the statute as a whole, and such a right of the employee was implied in *Miller v. J.M. Jones Co.*, 198 Ill. App. 3d 151 (1990). There, the plaintiff employee brought a claim for wages independently of the Department's determination of liability. When the plaintiff sought to introduce as admissions only the evidence of the wages due determined in the Department's proceedings, the trial court found that plaintiff failed to meet his burden of proof and that the employer's liability would have to be determined by trial *de novo*. The cause was dismissed with prejudice. On appeal, the reviewing court affirmed. However, the reviewing court also pointed out that, "while certain penalties and interest provisions may run from the Department's initial determination of liability, actual liability, if contested, must be determined by the trial court." *Miller*, 198 Ill. App. 3d at 155.

In *Rekhi v. Wildwood Industries, Inc.*, 816 F. Supp. 1308 (C.D. Ill. 1992), plaintiff sought damages and interest penalties for the employer's failure to pay severance pay of one year's salary. Defendant argued that, while the plaintiff employee had the right to sue for

wages owed, he did not have the right to claim penalties accrued as a result of the employer's failure to comply with a decision of the Department that defendant owed plaintiff $6,407.90 in wages. After examining the language of section 14(b) and relying in part on the above-quoted statement in *Miller*, the *Rekhi* court concluded that an employee has a private right of action to recover penalties since the right to collect wages and the Department's authority to act on behalf of the employee arise from the wage claim of the *employee*. See also *People ex rel. Hartigan v. Agri-Chain Products, Inc.*, 224 Ill. App. 3d 298, 302 (1991) (not only is there no duty on the part of the state or Department to act, but, pursuant to section 11(b), the Department can only act on behalf of a particular employee if the employee allows it).

In construing section 14(b) so as to provide such a private right of action, the *Rekhi* court concluded:

> "Logically, if the Department of Labor's duties [under section 11(b)] are discretionary, an employee's private right of action [under section 11(c)] must avail to the employee all that is due him or her under the Act, including the ability to recover penalties accrued by an employer's non-compliance [under section 14(b)] which are expressly due the employee under that provision." *Rekhi*, 816 F. Supp. at 1311.

We agree with *Rekhi*'s conclusion. Section 14(b) confers a right in the employee to collect interest penalties accruing from the failure to pay the amount due following a Department order or a court order. If the employer lodges a further challenge or objection, the employer has the option of stopping the accrual of interest by tendering the amount due within the 15-day period.

We reiterate that the right to claim interest penalties under section 14(b) is civil in nature. The provision makes no mention regarding proof of the employer's state of mind. The rules of civil procedure apply to a private cause of action for the collection of wages and civil penalties. See *Clark*, 141 Ill. App. 3d at 177. A private citizen has no authority to prosecute criminal cases unless such action is specifically provided for by law. See *Del Dotto v. Olsen*, 257 Ill. App. 3d 463, 465 (1993); *Littleton v. Berbling*, 468 F.2d 389, 413 (7th Cir. 1972); see also *Hayner v. People*, 213 Ill. 142 (1904). Section 14(b) provides for a remedial, civil penalty for the failure to pay the wages in a timely manner, and the penalty does not amount to a criminal punishment even though it may have a deterrent effect. See, *e.g., People v. Kim*, 284 Ill. App. 3d 637 (1996) (penalties and interest for failure to pay tax in timely manner were civil and remedial sanctions rather than criminal punishment); see also *Szkoda v. Human Rights Comm'n*, 302 Ill. App. 3d 532, 546 (1998) (assessment of civil penalty for civil rights violation

did not require showing of wilful or knowing disregard of law where statute did not require such showing). Rather, the interest penalties serve to compensate the employee in the form of liquidated damages which result from the employer's attempt to avoid paying the wages when due.

To assert a claim for interest penalties, all that need be shown is that there is an order for back wages issued by the Department or by a court and that the amount due has not been paid. This penalty is in addition to available criminal punishments and does not implicate the state's authority to impose punishment for a criminal offense. The state's independent authority to impose criminal punishment is clearly and separately provided for in sections 14(a) and 14(c) of the Act. Therefore, contrary to defendant's assertion, where a party seeks interest penalties under section 14(b), the reasonable doubt standard does not apply as it would in a criminal prosecution. *Cf. People v. Chaindrive Corp.*, 49 Ill. App. 3d 564 (1977) (in criminal prosecution by State for violation of the Act, conviction for wilful refusal to pay must be sustained by proof beyond a reasonable doubt). Civil or criminal liability has already been established by the time the order to pay is entered.

Defendant argues that a postjudgment motion stays the execution of the judgment and thus tolls the accrual of interest penalties. We disagree that the accrual of interest is tolled. We hold that an exception, objection, challenge, postjudgment motion, or an appeal does not toll the accrual of the statutory interest penalties. In *Krok v. Burns & Wilcox, Ltd.*, No. 98—C—5902, slip op. at___ (N.D. Ill. February 8, 2000), defendants argued, without citation to authority, that the filing of an exception to the wage payment demand originally issued by the Department effectively tolled the accrual of the interest penalties. Defendants failed to pay the wage demand within 15 days of the issuance of the Department's order. The district court determined that the defendants should have tendered payment within the 15 days of the original demand or order to avoid the penalties. The court pointed out that the statute in question required payment within 15 days of the issuance of a "judgment on the dispute" (820 ILCS 115/9 (West 1998)), not 15 days from the issuance of a "final" judgment. *Krok*, slip op. at ___. We agree in principle with the *Krok* court's determination that a challenge to an order does not toll the accrual of interest penalties. We express no opinion regarding the other issues raised and determined in *Krok*.

Likewise, in this case, the clear language of the statute requires payment within 15 days of the court's order, notwithstanding any further challenge to the order or further appeal. Ordinary postjudgment

interest is treated similarly. See, *e.g.*, *Phelps v. O'Malley*, 187 Ill. App. 3d 150, 156 (1989); 735 ILCS 5/2—1303 (West 1998). Any other interpretation would subvert the clear intent of the statute that the employee receive compensation promptly upon a determination of liability. The present case provides an excellent example of the delaying tactics that the Act seeks to prevent.

■ In sum, we hold that, under the Act, an employee may maintain a private, civil cause of action for the collection of wages due as well as to obtain statutory interest penalties. The rules of civil procedure apply as in any other civil suit, such as for a breach of contract. The Act merely provides additional incentives for the employer to act promptly. In an action under section 14(b), the employee does not have to prove that the failure to pay was wilful, and the reasonable doubt standard of proof does not apply to an action to collect statutory interest penalties. To initiate a claim for the penalties, all that the employee must show is that an order to pay or a judgment for the amount due has been entered against the employer and the employer has failed to pay the claim within 15 days of the entry of the order or judgment. Furthermore, any exception, objection, motion, or other challenge to the order, including appeal, does not toll the accrual of statutory interest penalties.

Accordingly, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.